In re E.K.P., INC., a Corporation, d/b/a Best Western Colony House, Debtor.

ANNISTON FEDERAL SAVINGS & LOAN ASSOCIATION, Plaintiff,

v.

E.K.P., INC., a Corporation, d/b/a Best Western Colony House, Defendant.

Bankruptcy No. 83–03261.
AP No. 83–1077.

United States Bankruptcy Court,
N.D. Alabama.

March 2, 1984.

Harry P. Long, Anniston, Ala., for plaintiff, Anniston Federal Sav. & Loan Ass'n.

Thomas J. Knight, Anniston, Ala., Robert H. Adams, Birmingham, Ala., for defendant-debtor, E.K.P., Inc.

### ORDER ON DEFENDANT'S MOTION TO DISMISS AND ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

L. CHANDLER WATSON, Jr., Bankruptcy Judge.

The above-styled adversary proceeding is before the Court on the plaintiff's request for a declaratory judgment on whether the automatic stay provided by 11 U.S.C. § 362(a) applies to the cosigners and guarantors of debts of the chapter 11 debtor. At a pre-trial conference in this proceeding on October 18, 1983, at Anniston, Alabama, the attorney for the plaintiff and the attorney for the defendant agreed to submit the matter to the Court on a motion for summary judgment. The plaintiff has now filed its motion for summary judgment and a brief in support of its motion. The defendant has moved to dismiss the complaint and filed a brief in opposition to the motion for summary judgment.

 After having considered the respective motions, it is the opinion of the bankruptcy judge that there is no genuine issue as to any material fact and that the plaintiff is entitled to a judgment as a matter of law as to Counts One and Two of its complaint. 11 U.S.C. §§ 362(a), 1301(a); *See, e.g., Austin v. Unarco Industries, Inc.,* 705 F.2d 1 (1st Cir.1983); *Royal Truck & Trailer, Inc. v. Armadora, Etc.,* 10 B.R. 488 (N.D.Ill.1981) The Court having determined that there is no stay imposed by § 362(a) against the cosigners and guarantors of the chapter 11 debtor, the plaintiff's motion for relief from the stay to pursue its claims against the cosigners and guarantors of the debtor's debt may be dismissed.

Therefore, it is ORDERED by the Court that the debtor's motion to dismiss the complaint is denied, that the plaintiff, under Counts One and Two of its complaint is adjudged to have the right to pursue its claims against the cosigners and guarantors of the debtor, that the motion for relief from the stay is dismissed out of court, and that a copy of this order shall be sent through the United States mails to each of the following (which shall be sufficient service and notice hereof): the debtor, its attorneys, the plaintiff's attorney, and the United States trustee.